UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOOD AHSAN,<br>BOOKING #2473372<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF DEPARTMENT,<br>et al.,<br><br>                              Defendants. | Case No.:  25cv1523-JES (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION** |

Plaintiff Mahmood Ashan, confined at the San Diego Central Jail, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a motion to proceed in forma pauperis ("IFP") in the United States District Court for the District of Columbia.  (ECF Nos. 1-2.)  The case was then transferred to this Court.  (ECF No. 3.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1  Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to
2  prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
3  § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Section
4  1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of
5  the trust fund account statement (or institutional equivalent) for . . . the 6-month period
6  immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v.
7  King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the
8  Court assesses an initial payment of 20% of (a) the average monthly deposits in the account
9  for the past six months, or (b) the average monthly balance in the account for the past six
10 months, whichever is greater, unless the prisoner has insufficient assets.  *See* 28 U.S.C.
11 § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP
12 must pay any remaining balance in "increments" or "installments," regardless of whether
13 their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

   Plaintiff's IFP application does not contains a trust fund account statement.  (*See*
ECF No. 2.)  The Court cannot grant the IFP application without a trust fund account
statement containing financial information for the 6-month period immediately preceding
the filing of the Complaint.  *See Andrews*, 398 F.3d at 1119 ("prisoners must demonstrate
that they are not able to pay the filing fee with an affidavit and submission of their prison
trust account records."), citing 28 U.S.C. § 1915(a)(1)&(2).

   The motion to proceed IFP is **DENIED** and this action is **DISMISSED** without
prejudice based on Plaintiff's failure to pay the filing fee or to submit a properly supported
motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

## II.   Conclusion and Order

   Accordingly, the Court:

   (1)   **DENIES** Plaintiff's motion to proceed IFP without prejudice.

   (2)   **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the civil filing and administrative fee or to submit a properly supported motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) & 1915(a).

(3)    **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a properly supported motion to proceed IFP which includes a certified copy of his prison trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2(b). If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**

Dated: July 25, 2025

Honorable James E. Simmons Jr.
United States District Judge